IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Aaron Ryan
518 Clark St.(Mailing address)
Marseilles, IL 61341
(815) 201-6893
aaron1986ryan@gmail.com
Plaintiff, Pro Se

v.

Officer Kaedyn Urban
Braidwood Police Department
Defendant.

1:25-cv-10986
Judge Matthew F. Kennelly
Magistrate Judge Maria Valdez
Random/Cat. 2

Case No. _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. §1983)

RECEIVED

SEP 11 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343. Venue is proper in this District because the events occurred in Illinois.

II. PARTIES

3. Plaintiff, Aaron Ryan, is a resident of Marseilles, Illinois.

4. Defendant, Officer Kaedyn Urban, is a sworn police officer employed by the Braidwood Police Department and was acting under color of state law at all times relevant.

III. FACTS

5. On January 18, 2025, Plaintiff was stopped by Defendant Officer Kaedyn Urban based on a Flock license plate alert connected to a missing person report.

6. Prior to this stop, the Ottawa Police Department closed the missing person alert at 8:08 AM. Plaintiff possesses the Ottawa Police report confirming this fact (see Exhibit A).

7. Despite the alert being closed, Officer Urban failed to verify its status before initiating the stop.

8. Plaintiff is aware of Ottawa Police bodycam footage showing officers acknowledging that the alert had been closed. This evidence is in the possession of the Plaintiff and is available upon request

9. During the unlawful stop, Plaintiff's vehicle was seized and towed, leaving him without transportation.

10. As a direct result, Plaintiff:

Lost his job because he could no longer travel to work (see Exhibit C).

Lost his apartment because he could not pay rent after losing employment (see Exhibit D).

Ultimately became homeless.

11. Criminal charges stemming from the stop were dismissed, confirming the lack of legal justiication .

IV. LEGAL BASIS

12. Under the Fourth Amendment, a traffic stop constitutes a "seizure" and must be supported by reasonable suspicion. (Delaware v. Prouse, 440 U.S. 648, 653 (1979)).

13. Reasonable suspicion must be based on "specific and articulable facts" and not on stale or invalid information. (Terry v. Ohio, 392 U.S. 1 (1968)).

14. Stopping a person on the basis of an alert that has already been cleared or closed constitutes an unreasonable seizure. See, e.g., United States v. Hensley, 469 U.S. 221 (1985) (officers may rely on wanted bulletins only if the underlying information is valid and current).

15. By failing to confirm whether the alert remained valid, Defendant deprived Plaintiff of his Fourth Amendment rights.

16. The unlawful stop and seizure directly caused cascading damages, including loss of employment, loss of housing, and homelessness. Courts recognize that damages flowing from unlawful police conduct are recoverable under 42 U.S.C. §1983. See Carey v. Piphus, 435 U.S. 247 (1978).

17. Defendant acted under color of law and with reckless disregard for Plaintiff's constitutional rights.

V. DAMAGES

18. Plaintiff seeks:

Compensatory damages for lost wages, loss of housing, loss of new vehicle, and emotional distress.

Punitive damages against Defendant for reckless and willful disregard of Plaintiff's rights.

Costs and such other relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands trial by jury.

**Contact Us**

Clerk's Office
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604
Hours: 8:30 a.m. - 5:00 p.m., Monday through Friday, excluding federal holidays
Phone: (312) 435-5850

UNITED STATES FEDERAL COURT OF APPEALS FOR THE SEVENTH CIRCUIT

VII. EXHIBIT LIST

Exhibit A – Ottawa Police Report
A copy of the Ottawa Police Department report showing the missing person alert was officially closed at 8:08 AM on January 18, 2025.

Exhibit B – Ottawa Police Bodycam Footage (Available Upon Request)
Bodycam footage from an Ottawa Police officer confirming the alert had been closed prior to the stop conducted by Defendant Officer Kaedyn Urban. Plaintiff does currently possess this file an will show it upon request!

Exhibit C – Employer Statement (Jimmy D. Poole)
Letter from Plaintiff's former employer, Jimmy D. Poole, verifying that Plaintiff lost his job due to lack of transportation after his vehicle was towed.

Exhibit D – Landlord Statement (Deborah Deskin)
Letter from Plaintiff's former landlord, Ms. Deborah Deskin, verifying Plaintiff's eviction due to nonpayment of rent following job loss.

Respectfully submitted,

/s/ Aaron Ryan
Aaron Ryan, Pro Se
518 Clark St.
Marseilles, IL 61341
(815) 201-6893
aaron1986ryan@gmail.com

## Case Report

**Marseilles Police Dept**
142 Lincoln Street
Marseilles, IL 61341



Case Number: **25-01-042**

Phone: (815) 795-2131  Fax: (815) 795-4209

### Initial Report Missing Adult/ LEADS Entry

*This contact was captured via body camera footage. The following narrative is a general summary of the statements and observations captured in the video and is not verbatim. The video itself should be referred to for the most accurate account of the events and statements.

**I am equipped with a AXON body worn camera (BWC) and it was activated during this incident. I did not review the footage prior to writing this narrative.

On January 18, 2025, at approximately 0130 hours, I (Officer Barnes) and FTO Budach heard someone enter the lobby of the Marseilles Police Department. I found, later identified ▮▮▮ ▮▮▮ crying on the bench ▮▮▮ stated she needed to report her boyfriend, Aaron M. Ryan ▮▮▮ missing because she has not seen or heard from him since 1100 hours. Stephanie continued to state Aaron's silver Chrysler 200 (bearing IL ▮ was gone, but his phone was still at the apartment. Stephanie stated Aaron would never leave without his phone or his dog (Jax).

FTO Budach gave ▮▮▮ a voluntary statement form to fill out, which she completed. ▮▮▮ also completed a Marseilles missing person report form. I later faxed the missing person report form to Ottawa Central Dispatch for Aaron to be entered into LEADS ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

End Report Ofc. Barnes #26

1405 hours

Reporting Officer _____  Reported
M26 - Barnes, Caitlyn A.  01/18/25
Patrolman

Approving Officer   Sgt D Ellis #9
M09 - Ellis, Daniel D.   01/18/25

| | |
|---|---|
| Ottawa Police Department | Number: 202500117 |
| Reporting Officer<br>U49 - Wiedeman, Brett M. | Current Status<br>Cleared |

Case Category  Other . Assist Other Agency
CAD#  25-2883

**Assisting Officers**
M17 Weiss, Don
U26 Nilles, Robert F.

**Offenses**

Location
  I 80 / E 24th Rd
  Marseilles, IL  61341

| | | | |
|---|---|---|---|
| Occurred | 01/18/2025 | Sat | 7:47 |
| To | 01/18/2025 | Sat | 7:47 |
| Reported | 01/18/2025 | Sat | 7:47 |
| Dispatched | 01/18/2025 | Sat | 8:08 |
| Arrived | 01/18/2025 | Sat | 8:08 |
| Completed | 01/18/2025 | Sat | 8:08 |

Aaron M. Ryan - Missing Person

Heather R. Reynolds - Other Involved

**Vehicles**

2015 Chrysler 200 -                                                                Color    Silver          Silve

**Initial Report**
On 01/18/2025, at approximately 0808 hours, I was dispatched to the area of Columbus St. and I-80 in reference to a FLOCK alert.

Dispatch advised a silver 2015 Chrysler 200 bearing IL reg. EU81028 had triggered a FLOCK camera (camera #2) at the above-mentioned location traveling S/B from I-80. The FLOCK alert showed the vehicle's registered owner, Aaron Ryan, was entered into LEADS as missing by the Marseilles police department. It was later learned Aaron's girlfriend had reported him missing because she had not heard or seen him since 1100 hours yesterday, 01/17/2025. The report did not indicate that Aaron made any homicidal or suicidal statements. Refer to the Marseilles police department report number 25-01-042 for complete details.

I arrived in the area and began looking for the vehicle.

While I was traveling E/B on E. Etna Rd, I located the vehicle parked in the parking lot of the Super 8, 500 E. Etna Rd.

This contact was captured via body camera footage. The following narrative is a general summary of the statements and observations captured in the video and is not verbatim. The video itself should be referred to for the most accurate account of the events and statements.

I approached the vehicle and met with Ryan, who identified himself with his IL driver's license, and his passenger, Heather Reynolds, known to me through prior police contacts. I explained to Ryan, he was reported missing by his

E3

**Ottawa Police Department**  Case Number: **202500117**

girlfriend. He stated his girlfriend over reacted and he was fine. When asked, Ryan denied making any suicidal statements nor was he feeling suicidal at the time. Ryan advised he did not need any additional assistance from me.

I advised dispatch to remove Ryan from LEADS as missing. — 8:08 Am

All documents and videos were attached to iCrimeFighter.

Jimmy D. Poole
Owner, Jimmy D's Quick Lube
1400 Park Blvd
Morris, IL 60450

To Whom It May Concern,

This letter is to confirm that Aaron Ryan was employed at Jimmy D's Quick Lube in Morris, Illinois. Aaron was a dependable worker, always punctual, and performed his duties well.

Earlier this year, Aaron's vehicle was impounded, leaving him without transportation. Since he lived a considerable distance from the shop, he was unable to make it to work consistently. Aaron kept me updated on his situation, but after multiple missed shifts, I was left with no choice but to terminate his employment.

This decision was not a reflection of Aaron's performance or work ethic, both of which were strong. The sole reason for his job loss was his inability to travel to work due to losing his car — circumstances that were outside his control.

If not for this situation, Aaron would still be employed here today.

Respectfully,

Jimmy D. Poole
Owner, Jimmy D's Quick Lube

*Jimmy Poole* (signature)

EXHIBIT D

9/6/25

To whom it may concern,

This letter is to verify that Aaron Ryan was a tenant at my property. Located at 127 Young St. Apt 3, Marseilles, IL 61341

Aaron maintained his tenancy until early this year, when he unfortunately fell behind on rent payments due to circumstances outside of his control. After the loss of his employment and transportation, he was unable to keep up with monthly rent despite prior reliability as a tenant.

As a result, I was forced to proceed with eviction in accordance with Illinois landlord-tenant law. This decision was not a reflection of Aarons character as a tenant, but rather the direct outcome of financial hardship caused by events beyond his control.

Sincerely,

Deborah Deskin
Deborah Deskin

## NARRATIVE

In summary and not verbatim. On January 18, 2025 at approximately 1254 hours, I, Officer Urban #113 was on patrol in #2101 when I received a FLOCK hit for a missing person on a 2015 silver Chrysler bearing IL registration EU81028 traveling westbound through Wilmington, IL.

I began traveling eastbound on Coal City Rd. while asking WESCOM to confirm if the owner of the vehicle was still coming back as a missing person. WESCOM could not confirm and reached out to Marseilles to see if the owner was still missing or not. As I was waiting for confirmation, I observed the vehicle drive pass me heading westbound on Coal City Rd.

I immediately flipped around and told WESCOM that I would initiate a stop on the vehicle to confirm the safety of the individual while they were confirming with Marseilles. *[handwritten: wrong]* *[handwritten: No statements or comments about Being In Trouble or Sucisde]*

Sergeant Peterson #12 was directly behind the vehicle after flipping around on Coal City Rd. and initiated a stop on Frontage Rd.

Upon stopping the vehicle, I observed one M/W who was later identified as Aaron M. Ryan from his IL driver's license who was the sole occupant of the vehicle. As Sergeant Peterson and I started talking to Aaron, WESCOM confirmed that the missing person was removed by Marseilles but FLOCK did not have it removed yet. Aaron stated that his girlfriend filed him as a missing person for no reason and that he wasn't even gone twenty-four hours.

Sergeant Peterson requested Aaron's IL driver's license to confirm who we were talking to and make sure there were no other problems. Aaron stated that he is suspended but he's working on getting a working permit to begin driving again.

I requested WESCOM to perform a LEADS inquiry of Aaron's IL driver's license. WESCOM confirmed that Aaron was suspended for 3-707(C)1 on 12/06/2024

I asked Aaron to step out of the vehicle and placed him under arrest for driving while suspended.

I performed a search of Aaron's person prior to him being placed in the back of my squad. I asked Aaron if there was any drugs or weapons in the vehicle. Aaron stated there was nothing in the vehicle.

Bob's Towing was notified to remove the vehicle from the scene.

Sergeant Peterson and I started filling out the tow sheet and completing a tow inventory of the vehicle. Sergeant Peterson noticed a small red baggie sitting on top of a cigarette disposal cup in the right rear passenger door. Sergeant Peterson asked me to come to the back of the vehicle to observe what he seen before anyone touched it. I put gloves on and observed a white powder substance in a small red baggie. *[handwritten: wrong]*

I went back to Aaron where I mirandized him at approximately 1309 hours to ask about the small red baggie. Aaron understood his rights. Aaron stated that it was heroin but it was not his. Aaron stated it was his friends from last night but would not release the name of his friend.

Bob's Towing arrived at approximately 1315 hours and removed the vehicle from the scene.

I transported Aaron back to the Braidwood Police Department to begin booking him, perform a field test on the small red baggie, and write his citations with his Notice To Appear.

I performed a Scott Reagents Field Test Kit on the red small baggie where it turned a brownish orange color showing a positive result for Fentanyl. The Fentanyl weighed 1.2 grams and was placed in Evidence locker #13 as Exhibit #1 to be sent down to the lab for further testing.

Aaron was given the following citations:
Citation #:311300328 - Posses Controlled Substance - 720 ILCS 570/402(c)
Citation #:311300329 - Driving While License Suspended - 625 ILCS 5/6-303(A)   *[handwritten: ← Both dismissed in court!!!]*

EXHIBIT

**Circuit Court, Will County, Illinois**
**2025MT000611 - Docket**

| Court Calls | Parties | Offenses | Financials | Schedule | Docket |

**Case:** 2025MT000611  **Status:** Closed  **Opened:** 01/21/2025  **Closed:** 05/22
**Title:** PEOPLE OF THE STATE OF ILLINOIS vs. AARON M RYAN
**Type:** MAJOR TRAFFIC  **File Type:** Complaint

| Event Date / Receipt No. | Image | Docket Entry |
|---|---|---|
| 05/22/2025 058186380-03 | | **Disposition 02/00 Count 002 No Fine & Cost Signed Defendant Present RYAN AARON M** Disposition: Nolle Prosequi OPERATE UNINSURED MTR VEHICLE Disposition Type: Court Action Defendant Plea: No Plea Entered Statute 625 5/3-707(a) Status: Closed Report: Terminated May 22, 2025 Judge: DEWILKINS DONALD W  Clerk: DSHA |
| 05/22/2025 058186380-02 | | **Disposition 01/00 Count 001 No Fine & Cost Signed Defendant Present RYAN AARON M** Disposition: Nolle Prosequi DRIVING ON SUSPENDED LICENSE Disposition Type: Court Action Defendant Plea: No Plea Entered Statute 625 5/6-303(a) Cl Status: Closed Report: Terminated May 22, 2025 Judge: DEWILKINS DONALD W  Clerk: DSHA |
| 05/22/2025 058186380-01 | | **Motion of People - Nolle Prosequi** People present by SERA CUMMINGS. Defendant present. Matter comes on for status on counsel. On motion of the People, case is dismissed. Order enters no Judge: DEWILKINS DONALD W  Reporter: ELECTRONIC RECORDING  Clerk: DSH |
| 04/16/2025 058041267-01 | | **Defendant's Motion To Continue** People of the State present by SERA CUMMINGS. Defendant present. Matter comes on for status of summons. Motion of the defendant, case is continued for s STATUS - COUNSEL - Thursday, May 22, 2025 @ 9:00am, Courtroom 304, Judge MISDEMEANOR 304 (R - Z) Judge: DEWILKINS DONALD W  Reporter: ELECTRONIC RECORDING  Clerk: JSH |
| 03/07/2025 057901745-01 | 📄 | **SAFE-T Act (Summons)** People present by ERICA G. MARTINEZ. Defendant does not appear. Matter comes on for pretrial. Summons ordered to issue. Matter is continued for status on s Status of Summons - Wednesday, April 16, 2025 @ 9:00am, Courtroom 304, Judge MISDEMEANOR 304 (R - Z) Judge: DEWILKINS DONALD W  Reporter: ELECTRONIC RECORDING  Clerk: JGG |
| 02/07/2025 057793694-01 | | **First Appearance Self Rep Litigant** People present by ERIC M. SCHULTZ. Defendant present in person pursuant to arraignment. Charges and rights explained. Defendant enters plea of not guilty. Cas |

© 2011-2025, Will County Circuit Clerk, All Rights Reserved.
By using this service, the user agrees and understands that he or she is bound by the on-line access to court records User Agreement and Disclaimer.

  2025MT000611 - Docket

DELL

**HOW TO LOOK UP YOUR CASE NUMBER**
1. GO TO THE PUBLIC ACCESS TERMINAL