**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AARON RYAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-10986 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF BRAIDWOOD, | ) | **JURY TRIAL DEMANDED** |
| JEFF PETERSON, and | ) | |
| KAEDYN URBAN, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Aaron Ryan, by and through his attorney Peter T. Sadelski of Sadelski

Law, PLLC, brings this Second Amended Complaint against Defendants Village of

Braidwood, Jeff Peterson, and Kaedyn Urban, alleging as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject-matter jurisdiction over this action under 28

U.S.C. §§ 1331 and 1343 because it arises under the laws of the United States,

including 42 U.S.C. § 1983.

2.     This Court has supplemental jurisdiction over the state-law claim under

28 U.S.C. § 1367 because it is so related to the federal claim that they form part of

the same controversy under Article III of the United States Constitution.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events and/or omissions giving rise to the claims occurred

within.

## PARTIES

4.      At all relevant times, Plaintiff Aaron Ryan (Plaintiff) resided in the State of Illinois and the United States of America.

5.      At all relevant times, Defendants Jeff Peterson (Defendant Peterson) and Kaedyn Urban (Defendant Urban)  (collectively Defendant Officers) were police officers with the Braidwood Police Department. Defendant Officers acted under color of state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6.      At all relevant times, Village of Braidwood (Defendant Village) was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant Village. Under the doctrine of *respondeat superior*, Defendant Village is liable for all state law claims committed by its representatives, employees, and agents acting within the scope of their authority.

## FACTUAL ALLEGATIONS

7.      At all relevant times, Plaintiff owned a 2015 Chrysler 200 (the Chrysler).

8.      On or about January 17, 2025, Plaintiff's girlfriend reported him missing.

9.      In the morning of January 18, 2026, Officer Barnes (Officer Wiedman) of the Ottawa Police Department received an alert showing that the owner of the Chrysler, Plaintiff, was reported missing.

10.      Officer Weidman found the Chrysler parked near a motel.

2

11.     Officer Weidman approached the vehicle and encountered Plaintiff.

12.     Plaintiff confirmed his identity to Officer Weidman and informed him that he was not in danger, suicidal, or missing.

13.     Officer Weidman instructed dispatch to remove Plaintiff's missing person status from the police database. Officer Weidman left the area.

14.     Later that day, Plaintiff was driving the Chrysler in Braidwood, Illinois.

15.     Defendant Officers received an alert showing that the owner of the Chrysler was reported missing.

16.     Defendants Officers initiated a traffic stop on Plaintiff.

17.     As Defendant Officers were about to exit or as they were exiting their respective police vehicles, they received confirmation from dispatch that Plaintiff's missing person status was no longer active.

18.     Nevertheless, Defendant Officers approached the driver's side of Plaintiff's vehicle and engaged him in conversation. They informed him that they had just learned that the missing person status was no longer active.

19.     Defendant Peterson proceeded to request Plaintiff for his driver's license.

20.     Plaintiff gave his driver's license to Defendant Peterson.

21.     Defendant Peterson confirmed that Plaintiff was who he claimed to be.

22.     Defendant Peterson gave Plaintiff's driver's license to Defendant Urban, who ran his information through dispatch.

23.     Dispatch relayed that Plaintiff's driver's license was suspended.

24. Defendant Officers had Plaintiff step out of his vehicle, they placed him in handcuffs, and put him in the back of a police vehicle.

25. Defendant Officers' actions caused Plaintiff to suffer emotional and other injuries, including but not limited to, facing criminal charges, the impoundment of his vehicle, and losing his job.

## COUNT I
## UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

26. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

27. Defendant Officers seized Plaintiff without reasonable suspicion or probable cause when they continued detaining him after they knew that his missing person status was no longer active.

28. Defendant Officers deprived Plaintiff of his right secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder.

29. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT II
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS LAW

30. Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-five (25) as though fully set forth at this place.

31. Defendant Officers intentionally or indifferently imprisoned Plaintiff without legal justification when they continued his detention after they knew that Plaintiff's missing person status was no longer active.

32. Defendant Village is liable for false imprisonment under Illinois law

4

under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

a.   Defendants shall pay general damages;

b.   Defendants shall pay special damages;

c.   Defendants shall pay Plaintiff's attorney fees;

d.   Defendant Officers shall pay punitive and exemplary damages;

e.   Defendants shall pay the costs of the suit herein incurred; and

f.   Plaintiff shall receive any award this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: March 12, 2025

                              Respectfully submitted,

                              */s/ Peter T. Sadelski*
                              Peter T. Sadelski
                              Sadelski Law, PLLC
                              1 North State Street, Suite 1506
                              Chicago, Illinois 60602
                              (312) 625-6564
                              peter.sadelski@sadelskilaw.com
                              *Attorney for Plaintiff*